UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MAYRA F. PENA                          :
                                       :
     v.                                :    C.A. No. 15-179S
                                       :
HONEYWELL INTERNATIONAL,               :
INC.                                   :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Defendant's Motion to Strike Plaintiff's Designation of Dr. James Greer as an expert witness. (Document No. 20). Plaintiff objects. (Document No. 22). A hearing was held on February 21, 2017. For the following reasons, Defendant's Motion to Strike is GRANTED in part and DENIED in part.

Dr. Greer was Plaintiff's treating psychiatrist during the relevant period and thus is not a "retained" expert witness subject to the full written report requirement of Rule 26(a)(2)(B), Fed. R. Civ. P. See Downey v. Bob's Discount Furniture, 633 F.3d 1, 7 (1st Cir. 2011) ("where...the expert is part of an ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert"); and Rutkowski v. Providence Coll., No. 06-264T, 2006 WL 3455077 (D.R.I. Nov. 28, 2006) (following majority view that a full Rule 26(a)(2)(B) report is not required for a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on treatment). Dr. Greer was deposed by Defendant on December 12, 2016.

Defendant argues that Plaintiff's expert designation of Dr. Greer is untimely and "grossly inadequate." Dr. Greer's presence as an expert witness in this case should come as no surprise to

Defendant. In fact, Dr. Greer authored three notes in 2013[1] regarding his treatment of Plaintiff and his opinion that Plaintiff's transfer to the molding room exacerbated her symptoms. Accordingly, although the disclosure was tardy, Defendant has shown no prejudice from the late disclosure that would justify precluding Dr. Greer as an expert witness on that ground.

Defendant also takes issue with the substance of Plaintiff's expert disclosure of Dr. Greer under Rule 26(a), Fed. R. Civ. P. In particular, it argues that the disclosure is conclusory and fails to include "the facts and reasoning" on which Dr. Greer bases his opinions. (Document No. 20-1 at p. 3). I agree in part. Plaintiff indicates in its disclosures that Dr. Greer is expected to offer six discrete "expert medical opinions." See Document No. 22-1 at p. 37. As to opinions 1-4, these are opinions based on Dr. Greer's treatment of Plaintiff and are consistent with the 2013 notes authored by Dr. Greer. Defendant had prior notice of these opinions and was able to effectively examine Dr. Greer about those opinions at his December 12, 2016 deposition. On the other hand, opinions 5 and 6 present a different story. They are specific to the "essential functions" of her "Associate Assembler" position held by Plaintiff. However, Dr. Greer candidly testified at his deposition that he did not know the essential functions of Plaintiff's position or "the specifics of her job duties."[2] Thus, he had no factual basis upon which to render opinions 5 and 6, and Defendant was unable to effectively examine him on those opinions at his deposition.

Accordingly, for the foregoing reasons, Defendant's Motion to Strike (Document No. 20) is GRANTED in part as to Plaintiff's designation of Dr. Greer as an expert witness as to opinions

---

[1] The notes are dated March 4, 2013; April 2, 2013 and April 29, 2013.

[2] Dr. Greer testified that Plaintiff's counsel told him that he "was being requested to testify regarding [his] treatment history with [Plaintiff] and specifically around the issues relating to her symptoms being exacerbated after some changes in the workplace."

5 and 6 and is otherwise DENIED.  Plaintiff is permitted to present Dr. Greer as an expert witness as to opinions 1-4 and consistent with the 2013 notes he authored.[3]

ENTER:


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 22, 2017

---

[3] This ruling is, of course, without prejudice to Defendant's position that Dr. Greer's opinions are otherwise substantively flawed because they are based solely on Plaintiff's self report.  Defendant may pursue such position through cross-examination and/or <u>Daubert</u> challenge as it deems appropriate.  As to Defendant's ability to designate a rebuttal expert out of time, the Court is not presently convinced that a rebuttal expert is necessary or warranted after limiting Dr. Greer's opinions herein and reviewing the transcript of his deposition.  If Defendant disagrees and wishes to be granted leave to designate a rebuttal expert, it may file a properly supported motion.