UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MAYRA F. PENA,
    PLAINTIFF

v.                               C.A. No. 15-CV-00179-S-LDA

HONEYWELL INTERNATIONAL INC.,
    DEFENDANT.

### AFFIDAVIT OF PLAINTIFF MAYRA PENA

1. In 2013, while still employed by Honeywell, I suffered from mental disabilities — depression and anxiety.

2. My anxiety and depression substantially limit my ability to think, concentrate, communicate, work, and take care of myself.

3. Since 2010, a psychiatrist named James. E. Greer, M.D. has been providing me with counseling and medication for my anxiety and depression.

4. During my employment with Honeywell, I also suffered from seasonal depression and needed to take FMLA leave on a regular basis during the winter months.

5. Honeywell and my supervisors were aware that I needed FMLA leave for seasonal depression.

6. Despite my disabilities, I was always able to keep a job prior Honeywell firing me.

7. In 2013, while still employed by Honeywell, I also suffered from diabetes for which I was taking medication.

8. Because of my diabetes, I need to eat at very specific intervals during the day and, therefore, I needed to take breaks at 9:00 AM and 12:00 PM.

9. On February 21, 2013, I complained to Jose Gouveia that my supervisor was not allowing me to take breaks at 9:00 AM and 12:00 PM so I could eat, which I told him was necessary because of my diabetes.

10. During my employment, I was not disciplined for poor work performance.

11. When I first started working at the Cranston, Rhode Island, Facility in 2003, whenever I went near the Molding Room, the smell and noise bothered me so I told my supervisors at the time that I did not want to work in the Molding Room.

12. Prior to October 2012, I never worked in the Molding Room in the previous eleven (11) years of employment.

13. In early 2013, I only worked in the Molding Room for approximately one month, 2 to 3 days a week, 4 hours at a time (i.e., 8 to 12 hours per week). This represented only 20% to 30% of my entire work week. I did not work in the Molding Room at all over a two week period from February 21, 2013 to March 7, 2013.

14. On March 8, 2013, I requested from Honeywell a reasonable accommodation of a disability, which it denied.

15. The reasonable accommodation I requested was a restructuring of my job duties that precluded me from working in the Molding Room.

16. I was capable of performing the essential functions of the Associate Assembler position in all departments except the Molding Room and, in fact, had been doing so for the past eleven (11) years.

17. Regarding my request for an accommodation, I only received three (3) doctor's letters from Dr. Greer dated: (1) March 4, 2013; (2) April 2, 2013, and (3) April 29, 2013.

18. I could have returned to work with a reasonable accommodation had my employer granted it to me.

19. I was unable to return to work without the accommodation.

20. I did not apply for SSDI benefits until September 20, 2013, only <u>after</u> I had exhausted every possible effort of getting the needed accommodation.

21. Jose Gouveia advised me to file for SSDI benefits.

22. My psychiatrist Dr. Greer recommended that a file for SSDI benefits.

23. My SSDI lawyer advised me to use March 8, 2013, my last day of work, as the date of the onset of my disability.

24. When I stated on my SSDI application that I was unable to work as of March 8, 2013, I meant that I was totally disabled only for the purposes of receiving SSDI benefits. The SSDI application did not ask if I needed any accommodations of a disability in order to work and no one at any of the hearings asked. Had I been asked, I would have responded, "Yes."

25. Had Honeywell granted my accommodation request, I would have gone back to work, and I would not have filed for SSDI benefits.

26. I filed for SSDI benefits because I could no longer work due to my worsening depression caused by Honeywell firing me, and I needed a source of income to pay my bills.

Signed and sworn this 29th day of March 2017.

                                                                             MAYRA PENA

STATE OF RHODE ISLAND
PROVIDENCE COUNTY

      On the 29th day of March 2017, before me personally appeared MAYRA PENA, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument, by her so executed, to be her free act and deed.

[Notary Stamp: MARK P. GAGLIARDI, Notary Public-State of Rhode Island, My Commission Expires 7/9/20]

                                          Mark P. Gagliardi
Notary Public
My commission expires: 7/9/20